# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **2:10-cv-01453-AKK** |
| **GRANDVIEW REALTY, LLC** | ) | |
| **and CYNTHIA DILORETO,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The court has before it Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") Motion for Default Judgment Against Grandview Realty, LLC and Motion for Judgment on the Pleadings.  Doc. 16; Doc. 20.  The court provided Defendants Grandview Realty, LLC ("Grandview") and Cynthia DiLoreto ("DiLoreto") an opportunity to respond, but they have not done so.  *See* Doc. 19; Doc. 21.  The motions are now ripe for resolution by this court.

Pursuant to 28 U.S.C. § 1332(a), the court has diversity jurisdiction over this case because Plaintiff is a national banking association with its principal place of business in South Dakota; Grandview, whose sole member is DiLoreto, is an Alabama limited liability company with its principal place of business in

Birmingham, Alabama; and DiLoreto is a resident of Massachusetts.  Doc. 1 at 1-2 ¶¶ 1-3.  The amount in controversy exceeds $75,000.  *Id*. at 2 ¶ 4.  With respect to personal jurisdiction and venue, Plaintiff alleges that a substantial portion of the conduct giving rise to the action took place in Birmingham, Alabama.  *Id*. ¶ 6; Doc. 1 at 7-17.[1]

## I.    Factual Background

On December 29, 2004, SouthTrust Bank[2] ("SouthTrust") made a loan to Grandview, which signed a Promissory Note ("the Note") in favor of SouthTrust in the original principal amount of $376,000.  Doc. 1 at 2 ¶ 7.  The Note provides that the borrower, Grandview, is responsible for paying the loan principal and interest as well as the costs and expenses incurred in collecting the amounts due under the Note, including "a reasonable attorney's fee."  *Id*. at 7, 10.  DiLoreto, who signed the Note as Grandview's sole member, also signed a Guaranty dated December 29, 2004.  *Id*. at 13-17.  The Guaranty provides that the guarantor is obligated to pay the principal and interest on the loan, as well as attorney's fees and costs.  *Id*. at 13.  Grandview defaulted on the loan, and Plaintiff sent

---

[1]It appears that DiLoreto signed the Promissory Note and Guaranty either in Birmingham or by corresponding with SouthTrust Bank, which was based in Birmingham.  Doc. 1 at 7-17.

[2]Plaintiff is successor-by-merger to Wachovia Bank, National Association, which was successor-by-merger to SouthTrust.  Doc. 1 at 1.

Defendants a letter dated June 22, 2009, notifying them of the default and demanding immediate repayment of all outstanding amounts, including all principal, unpaid and accrued interest, fees, and legal charges. *Id*. at 3 ¶ 11; Doc. 1 at 16-17. Defendants did not make the demanded payment. *Id*. at 3 ¶ 12.

Plaintiff filed suit on June 9, 2010. Doc. 1. Plaintiff served Grandview on July 14, 2010. Doc. 7. On July 19, 2010, Grandview filed a one-page answer to Plaintiff's complaint, which stated: "I'm responding to the Summons Civil Action No. 2:10-CU-1453-AKK. I'm working on a few things to come up with money to pay back my debt. . . . Please be advised that I'm a work in progress. Any questions please call . . . . Thank you, Grandview Realty, LLC." DiLoreto signed her name to the letter. Doc. 8. On July 21, 2010, the court entered an order striking the answer on the basis that limited liability companies, like corporations, must be represented by an attorney. Doc. 10. The court then ordered Grandview to retain an attorney and file an answer by August 21, 2010. *Id*. Grandview failed to do so, and on September 10, 2010, Plaintiff moved for entry of default and for default judgment. Doc. 16; Doc. 17. The court gave DiLoreto an opportunity to respond to the motions at a telephonic hearing on October 7, 2010. Doc. 19. Because neither DiLoreto nor counsel for either Defendant appeared at the

hearing, the court canceled the hearing.[3]

Plaintiff served DiLoreto on August 30, 2010. Doc. 15. On September 15, 2010, DiLoreto filed a one-page answer to Plaintiff's complaint, which stated: "Responding to your summons from Wells Fargo Bank, N.A. I live in Boston, I cannot afford to travel to Birmingham nor am I able to Retain an attorney at this time. I'm working on getting my finances together." Doc. 18. On October 11, 2010, Plaintiff moved for judgment on the pleadings against DiLoreto. Doc. 20. The court ordered her to respond by November 2, 2010. Doc. 21. To date, the court has not received a response.

## II.   Applicable Standards

### A.   *Default Judgment*

Upon request of the party entitled to default, Federal Rule of Civil Procedure Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. However, an entry of default by the Clerk[4] does not, without more, warrant the entry of default judgment by the court. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

---

[3]Counsel for Plaintiff did appear.

[4]The court directed the Clerk to enter a default against Grandview in a separate order. Doc. 23.

Cir. 1975).[5]  Rather, the court must find that there is "a sufficient basis in the pleadings for the judgment entered."  *Id*.  The entry of default causes all "well-pleaded allegations of fact" to be deemed admitted by Defendants.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu*, 515 F.2d at 1206).  The defendant is not, however, deemed "to admit facts that are not well-pleaded or to admit conclusions of law."  *Nishimatsu*, 515 F.2d at 1206; *see also Alfa Corp. v. Alfa Mortg., Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008) ("Allegations which are well pleaded, except those pertaining to the amount of damages, are taken as true, and a defendant cannot later seek to contradict those allegations.").  Accepting the facts of the complaint as true, the court must determine whether Plaintiff states a valid cause of action.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370-71 n.41 (11th Cir. 1997).

### B.     *Judgment on the Pleadings*

Rule 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  A Rule 12(c) motion is appropriate when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions from the former Fifth Circuit decided on or before September 30, 1981.

law." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1368 (2004).  The court must accept the allegations in the complaint as true and view them in the light most favorable to the non-moving party.  *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  Additionally, pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."

### III. Analysis

Plaintiff's complaint contains four counts: Count I, Breach of Contract; Count II, Money Had and Received; Count III, Unjust Enrichment; and Count IV, Attorneys' Fees.[6]  Doc. 1 at 3-5.  Under each count Plaintiff "demands judgment against the Defendants for the principal indebtedness outstanding under the Loan, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action."  *Id*. at 4-5.

#### A. *Liability*

##### 1. *Breach of Contract*

A breach of contract claim under Alabama law requires: "(1) a valid

---

[6] The court notes that "Attorneys' Fees" is not a separate cause of action, but rather an element of damages sought.

contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendants' nonperformance, and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999)). Plaintiff's evidence establishes each of these elements. The Note and Guaranty signed by Grandview and DiLoreto, respectively, establish their obligation to repay the loan provided by SouthTrust to Grandview. Plaintiff alleges that it performed under the contract by loaning the money, and that Grandview and DiLoreto defaulted on their payment obligations. Furthermore, Plaintiff has sustained monetary damages. Critically, DiLoreto did not dispute any of Plaintiff's facts in her filings. Consequently, Plaintiff's motions for default judgment and for judgment on the pleadings are GRANTED with respect to Count I.

    *2.    Money Had and Received and Unjust Enrichment*

Under Alabama law, "[t]he essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly paid to defendant because of mistake or fraud." *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986) (citations omitted) (emphasis in original). Plaintiff establishes that it loaned

money to Grandview and that Defendants have failed to repay the remaining principal and other amounts owned under the Note and Guaranty. Therefore, Plaintiff's motion for default judgment is GRANTED on Counts II and III.[7]

## B. *Damages*

Before determining the proper computation of damages, the court considers whether a hearing, which Plaintiff has not requested, is required. Whether to hold a hearing before awarding damages lies within the district court's discretion. Fed. R. Civ. P. 55(b)(2). However, "[a]s a general rule, the court may enter a default judgement [sic] awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)). The court finds that a hearing is unnecessary because the court has before it an adequate record to calculate damages.

### 1. *Amount Owed on the Loan*

Plaintiff presents the affidavit of one of its officers, Mary Rassias

---

[7]The court notes that Plaintiff did not move for judgment on the pleadings with respect to Counts II or III. Nevertheless, Plaintiff's decision not to do is immaterial as the relief sought under these counts is duplicative of the relief sought under Count I.

("Rassias"), to establish damages.  Doc. 16-1.  Rassias states, that as of September 9, 2010, the amount Defendants owed on the Note was $203,076.16, which includes outstanding principal in the amount of $155,454.16, accrued and unpaid interest in the amount of $16,481.35, late charges in the amount of $3,514.73, and other costs of collection including payment of ad valorem taxes, appraisal and environmental fees in the amount of $27,625.92.  *Id*. at 2 ¶ 7.  Rassias further attested that interest accrues on this amount at a per diem rate of $14.03.  *Id*.

Therefore, the court finds that Plaintiff is entitled to recover $203,076.16, plus pre-judgment interest accruing at the per diem rate of $14.03 from September 9, 2010 to November 12, 2010, plus post-judgment interest at the statutory rate.

2.  *Attorney's Fees*

Additionally, the Note and Guaranty provide that Plaintiff is entitled to reasonable attorney's fees and costs of collection.  To calculate attorney's fees, courts generally calculate a "lodestar" amount by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citation omitted).  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

"The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at 1303 (quotation omitted).

Plaintiff requests fees and expenses of $9,960.61. Doc. 22-1 at 2 ¶ 4. Jason Woodard, one of the Plaintiff's attorneys, provided an affidavit stating that this figure includes $8,509.50 for 45.2 hours of attorney and paralegal time at hourly rates of $310 (Jason D. Woodard, Partner); $210 (Andrea L. Wood, Associate); $200 (Nick M. Gaxiola, Associate), and $115 (Meredith A. Stinson, Paralegal). *Id*. The total also includes $1451.11 in costs and expenses, including the court filing fee of $350. *Id*. Based on the court's expertise, the court finds that requested amount is reasonable and, accordingly, awards Plaintiff $9,960.61 in attorney's fees and expenses.

IV. **Conclusion**

For the reasons set forth above, Plaintiff's motions are GRANTED and this case is DISMISSED.

DONE this 12th day of November, 2010.

*[signature]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE